UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY THREATT,

    Plaintiff,

v.                                                                          Case Number 07-12817-BC
                                                                    Honorable Thomas L. Ludington

SECURITY CLASSIFICATION COMMITTEE,

    Defendant.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Plaintiff, Anthony Threatt, presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court will dismiss the complaint, because Plaintiff has failed to state a claim upon which relief can be granted.

II.

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which the plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

III.

Plaintiff alleges that the defendant has wrongfully placed him in administrative segregation and has refused to release him back into the general prison population, despite his requests to do so. Plaintiff further claims, in conclusory fashion, that the defendant has a retliatory motive for keeping

him in administrative segregation. Plaintiff seeks monetary damages and injunctive relief.

## IV.

Plaintiff's complaint must be dismissed. Plaintiff's primary contention against the defendant is that they have wrongfully changed his security classification and placed him in administrative segregation. Prisoners have no constitutionally protected entitlement to reside at a particular institution or to enjoy a particular security classification. *See Harris v. Truesdell,* 79 Fed. Appx. 756, 759 (6th Cir. 2003); *Rienholtz v. Campbell,* 64 F. Supp. 2d 721, 727 (W.D. Tenn. 1999); *Taylor v. Foltz*, 803 F. Supp. 1261, 1266 (E.D. Mich. 1992). In addition, for an inmate to establish a due process violation concerning placement in administrative segregation, a plaintiff must show that he suffered restraint which imposed an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Rimmer-Bey v. Brown*, 62 F. 3d 789, 790-791 (6th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 472 (1995)). Plaintiff has not alleged that he has forfeited earned sentence credits on the basis of the complained-of misconduct, or suffered any deprivation of liberty other than confinement in segregation. Therefore, the allegations set forth in the complaint do not rise to the level of a constitutional violation and thus fail to state a claim under 42 U.S.C. § 1983. *See Mullins v. Smith*, 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998). Moreover, Plaintiff has no constitutional right to be returned to the general population at the prison. *See McGaughy v. Johnson,* 63 Fed. Appx. 177, 178 (6th Cir. 2003).

Plaintiff's related retaliation claim must also be dismissed, because it is conclusory and unsupported. "A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection

between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F. 3d 378, 394 (6th Cir. 1999). However, "[c]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F. 3 d 571, 580 (6th Cir. 2005) (*quoting Gutierrez v. Lynch*, 826 F. 2d 1534, 1538-39 (6th Cir. 1987)).  In this case, Plaintiff does not allege that he engaged in any constitutionally protected conduct or that the defendant's action of placing him in administrative segregation was motivated at least in part by the exercise of such conduct. Plaintiff's unsupported claim that the defendant had a retaliatory motive for placing him in segregation is too attenuated to state a § 1983 claim. *See McMillan v. Fielding,* 136 Fed. Appx. 818, 820-21 (6th Cir. 2005).  Because Plaintiff has failed to allege both a set of facts that would support a claim of retaliation and a causal connection necessary to satisfy the Sixth Circuit's test for retaliation claims, his complaint is subject to dismissal. *See Pack v. Martin*, 174 Fed.Appx. 256, 259 (6th Cir. 2006).

V.

The complaint lacks an arguable basis in law, and the Court has no discretion in permitting Plaintiff to amend his complaint to avoid a sua sponte dismissal. *McGore,* 114 F.3d at 612.  "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." *Id.*

Accordingly, it is **ORDERED** that the complaint [dkt # 1] is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B).  Based on the preceding order, this Court certifies that any appeal by Plaintiff would be frivolous and not in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell,* 157 F. Supp. 2d at 802.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 18, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS