UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY THREATT,

    Plaintiff,

v.

Case Number 07-12817-BC
Honorable Thomas L. Ludington

SECURITY CLASSIFICATION COMMITTEE,

    Defendant.
    _____/

## ORDER DENYING PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)

In June 2007, Plaintiff Anthony Threatt filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. At that time, as he is now, Plaintiff was confined at the Standish Maximum Correctional Facility in Standish, Michigan. Generally, Plaintiff alleged that Defendant, the Security Classification Committee, wrongfully placed him in administrative segregation and refused to release him back into the general prison population, based on a retaliatory motive. Plaintiff sought monetary damages and injunctive relief.

On July 18, 2007, the Court sua sponte dismissed the complaint with prejudice for failure to state a claim upon which relief can be granted. Plaintiff had been allowed to proceed without prepayment of fees pursuant to 28 § U.S.C. 1915(a). Thus, the Court was required to dismiss the case "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i–ii). While recognizing that pro se complaints must be liberally construed, the Court concluded that Plaintiff's complaint was subject to dismissal.

The Court explained that prisoners have no constitutionally protected entitlement to reside

at a particular institution, to enjoy a particular security classification, or to be returned to the general population of a prison. Additionally, it was noted that for an inmate to establish a due process violation concerning placement in administrative segregation, a plaintiff must show that he suffered restraint which imposed an "atypical and significant hardship on him in relation to the ordinary incidents of prison life," *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 472 (1995)), but that Plaintiff did not allege that he suffered any deprivation of liberty other than confinement in segregation. Finally, the Court concluded that Plaintiff's retaliation claim was also subject to dismissal because it was conclusory and unsupported by any material factual allegations.

On December 11, 2007, the Court denied Plaintiff's motion for reconsideration. *See* [Dkt. # 12]. While Plaintiff contended that the Court misconstrued his complaint, the Court was unable to discern either a factual or legal basis on which to conclude that a palpable defect existed in the earlier decision, or that Plaintiff provided a ground for reaching a different disposition. *See* E.D. Mich. LR 7.1(h)(3). On December 21, 2007, Plaintiff filed a notice of appeal, *see* [Dkt. # 13], and on September 2, 2008, his appeal was dismissed for lack of prosecution, *see* [Dkt. # 19]. On March 3, 2009, his petition for a writ of certiorari to the U.S. Supreme Court was denied. *See* [Dkt. # 21].

Now before the Court is Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) [Dkt. # 22]. Under Rule 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4)

the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Here, Plaintiff requests that this Court correct the mistake of dismissing his complaint sua sponte, without giving Plaintiff an opportunity to amend the complaint or otherwise respond. The Court was not required to provide Plaintiff with an opportunity to respond, and did not have discretion to permit Plaintiff to amend his complaint to avoid a sua sponte dismissal. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Thus, Plaintiff has not identified a proper basis for relief pursuant to Rule 60(b).

Accordingly, it is **ORDERED** that Plaintiff's motion under Federal Rule of Civil Procedure 60(b) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 27, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS