UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY THREATT,

        Plaintiff,                Case No. 07-12817
                                                      Honorable Thomas L. Ludington

v.

SECURITY CLASSIFICATION COMMITTEE,

        Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

On July 6, 2007, Plaintiff Anthony Threatt filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 [Dkt. #2] against the Security Classification Committee at the Standish Maximum Correctional Facility in Standish, Michigan. Plaintiff alleges that Defendant wrongfully placed him in administrative segregation and has refused to release him back into the general prison population despite his requests to do so and that Defendant has a retaliatory motive for keeping him in segregation.

The Court summarily dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) on July 18, 2007 [Dkt. #4] finding that Plaintiff's claims lacked merit because prisoners have no constitutionally protected entitlement to reside at a particular institution or to enjoy a particular security classification. Furthermore, Plaintiff had not alleged that he has forfeited earned sentence credits on the basis of the complained-of misconduct, or suffered any deprivation of liberty other than confinement in segregation. As to his retaliation claim, the Court found that Plaintiff's conclusory allegations did not support a § 1983 claim that Defendant had a retaliatory motive for placing him in segregation.

On July 30, 2007, Plaintiff filed a motion for reconsideration of the Court's dismissal of his

case [Dkt. #7]. The Court denied Plaintiff's motion for reconsideration because Plaintiff had not provided any factual or legal basis on which to conclude that a palpable defect existed in the earlier decision. Plaintiff then appealed the Court's dismissal of his case on December 21, 2007 [Dkt. 13]. The United States Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution on September 2, 2008 [Dkt. #19] and the United States Supreme Court subsequently denied Plaintiff's petition for writ of certiorari on February 23, 2009 [Dkt. #21].

On August 12, 2010, Plaintiff filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) [Dkt. # 22]. Under Rule 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

In his motion, Plaintiff requested that the Court correct the mistake of dismissing his complaint sua sponte, without giving Plaintiff an opportunity to amend the complaint or otherwise respond. The Court, however, was not required to provide Plaintiff with an opportunity to respond, and did not have discretion to permit Plaintiff to amend his complaint to avoid a sua sponte dismissal. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). As a result, the Court found that Plaintiff had not identified

a proper basis for relief pursuant to Rule 60(b), and his motion was denied.

Plaintiff filed an appeal of the Court's order denying his Rule 60(b) motion [Dkt. # 24] on October 4, 2010. Plaintiff also filed an application to proceed in forma pauperis on appeal [Dkt. #29] and a motion for suspension of fees and costs [Dkt. #30] on February 10, 2011. The Court denied Plaintiff's application to proceed without prepayment of fees or costs on appeal and motion for suspension of fees and costs on March 4, 2011 [Dkt. #31] because there was no discernible nonfrivolous issue and an appeal could not be taken in good faith.

Now before the Court is Plaintiff's motion for reconsideration [Dkt. #32] of the Court's March 4, 2011 order. The motion does not "demonstrate a palpable defect by which the court and the parties [were] misled" and consequently must be **DENIED**. E.D. Mich. L.R. 7.1(g).

"[T]he court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court . . . . The movant must not only demonstrate a palpable defect by which the court and the parties or other persons entitled to be heard have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). A defect is"palpable" if it obviously misstates material facts or commits a "clear error of law." *See Hayes v. Norfolk Southern Corp.*, 25 F. App'x 308, 315 (6th Cir. Dec. 18, 2001) (explaining the justifications for amending a judgment pursuant to Rule 59(e)).

Plaintiff argues in his motion for reconsideration that the Court made a clear error of law in denying application to proceed in forma pauperis on appeal and motion for suspension of fees and costs. More specifically, Plaintiff contends that the Court abused its discretion by ruling based on "an erroneous view of the law or a clearly erroneous assessment of the evidence." [Dkt. #32 (citing *Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) (finding that a trial court

abuses its discretion when a ruling regarding the admissibility of expert testimony is based on an erroneous view of the law or a clearly erroneous assessment of the evidence))]. Plaintiff also argues that a judge cannot dismiss a complaint simply because he disbelieves the complaint's factual allegations. Furthermore, Plaintiff contends that he has offered facts demonstrating that the Court erred in denying his application to proceed in forma pauperis on appeal and motion for suspension of fees and costs by contending, for the first time, that one reason for Defendants' refusal to release him into the general prison population was due to his religious association with the Moorish Science Temple of America. Plaintiff also emphasizes that he has provided additional arguments in his application to proceed in forma pauperis regarding the damages he has suffered as a result of his being kept in segregation and not being able to live like a normal prisoner in the general population.

Plaintiff's complaint was dismissed because he did not allege that he had forfeited any earned sentence credits on the basis of the complained-of misconduct or that he suffered any deprivation of liberty other than confinement in segregation. As noted in the prior opinion and order dismissing Plaintiff's complaint, these allegations do not rise to the level of a constitutional violation, and there is no constitutional right to be returned to the general population at a prison. *See McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir. 2003); *Mullins v. Smith*, 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998). Furthermore, Plaintiff had not alleged that he had engaged in any constitutionally protected conduct or demonstrated that Defendant's placing him in segregation was motivated at least in part by the exercise of any constitutionally protected conduct. The Court subsequently denied Plaintiff's Rule 60(b) motion because it was not required to provide Plaintiff an opportunity to amend his complaint or otherwise respond to the Court's dismissal of his complaint. As a result, there is no issue that is arguable on the merits as a result of the Court's

denial of Plaintiff's Rule 60(b) motion. Plaintiff's newly proffered facts and restatement of prior facts do not demonstrate palpable error of obviously misstating material facts. Plaintiff also does not provide any legal support for his contention that the Court made a clear error of law in denying his application to proceed in forma pauperis on appeal or his motion for suspension of fees and costs.

Plaintiff also cites to 18 U.S.C. § 242, a criminal statute imposing penalties for deprivation of an individual's rights under the color of law, as providing Plaintiff with a civil remedy for alleged wrongs committed against him. Courts, however, have refused to find a private cause of action for alleged violations of § 242. *Woods v. McGuire*, 954 F.3d 388, 391 (6th Cir. 1992); *see also Moore v. Potter*, 47 F. App'x 318 (6th Cir. 2002); *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97 (2d Cir.1981). Furthermore, this contention is unrelated to the Court's denial of Plaintiff's application to proceed in forma pauperis on appeal or his motion for suspension of fees and costs.

Accordingly, the motion for reconsideration [Dkt. #32] is **DENIED WITH PREJUDICE**.

                                              s/Thomas L. Ludington  
                                              THOMAS L. LUDINGTON  
                                              United States District Judge

Dated: April 18, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Anthony Threatt #182625, at Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 by first class U.S. mail on April 18, 2011.

                                      s/Tracy A. Jacobs  
                                      TRACY A. JACOBS