UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY THREATT,

       Plaintiff,                        Case No. 07-12817
                                              Honorable Thomas L. Ludington

v.

SECURITY CLASSIFICATION
COMMITTEE,

       Defendant.

                                    /

**OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Anthony Threatt is a prisoner currently housed in Freeland, Michigan. In July 2007, while he was still held at the Standish Maximum Correctional Facility in Standish, Michigan, Threatt filed a pro se civil rights complaint—pursuant to 42 U.S.C. § 1983—against the Security Classification Committee (SCC). Threatt alleged that the SCC was "deliberately discriminating" against him by "refusing to release [him] back to General population . . . ." Pl.'s Compl. 4, ECF No. 1. Threatt complained that other inmates had been released to general population despite the fact that (according to Threatt, anyway) those inmates displayed "[t]hreatening behavior and [m]isconduct" that was more egregious than anything he had done. *Id*.

Twelve days after Threatt filed his complaint, the Court summarily dismissed it because "[p]risoners have no constitutionally protected entitlement to reside at a particular institution or to enjoy a particular security classification." July 18, 2007 Op. & Order 3 (collecting cases), ECF No. 4. Lacking a constitutional violation, Threatt's complaint was without merit.

On July 30, 2007, Threatt filed a motion for reconsideration. He argued that he had indeed suffered a constitutional violation because white inmates were released back to general

population while he, an African American, was not. *See* Pl.'s Mot. Recon. 2, ECF No. 7. The Court denied the motion because it was "unable to discern either a factual or legal basis on which to conclude that a palpable defect exists in [the] earlier decision, or that [Threatt] has provided a ground for reaching a different disposition." Dec. 11, 2007 Order 1, ECF No. 12. Threatt's subsequent appeal was dismissed "for want or prosecution." Order 1, *Threatt v. Sec. Classification Comm.*, No. 08-1042 (6th Cir. Sept. 2, 2008), ECF No. 19.

After the Supreme Court denied Threatt's petition for a writ of certiorari, he filed a motion pursuant to Federal Rule of Civil Procedure 60(b). Threatt argued that the Court erred in dismissing his complaint sua sponte without providing him an opportunity to respond. However, because the Court "was not required to provide . . . an opportunity to respond" before dismissing Threatt's pro se complaint, *see McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint."), Threatt's motion lacked merit and it was denied. *See* Sept. 27, 2010 Order, ECF No. 23.

Threatt now returns with a second motion pursuant to Rule 60(b). He asserts that his motion comes under Rule 60(b)(4)–(6), which allows a court to grant relief from a final judgment if "the judgment is void;" "the judgment has been satisfied, released, or discharged;" or "any other reason that justifies relief." Notably, a motion under subsections (4), (5), and (6) does not have to be raised within one year after the entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion under these subsections is timely if "made within a reasonable time . . . ." *Id*.

In Threatt's motion, he asserts that the Court erred in "fail[ing] to apply Fed. R. Civ. P. Rule 17(c)(1) & (2) to [his] complaint sua sponte when the judge was aware of plaintiff mental

illness from his statement of facts . . . ." Pl.'s Mot. 1, ECF No. 43. Federal Rule of Civil Procedure 17(c)(2) establishes that a minor or incompetent person without a representative "may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).[1] Thus, it appears that Threatt believes the judgment against him should be set aside because the Court did not appoint him a guardian ad litem to represent his interests.

As a prerequisite to relief under Rule 60(b), "a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (citation omitted). Nothing in Threatt's motion demonstrates that the judgment against him is void, or that it has been satisfied, released, or discharged. Thus, relief is only possible under Rule 60(b)(6).

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 469 (6th Cir. 2007) (brackets, citation, and internal quotation marks omitted). "This is especially true in application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (internal quotation marks and citation omitted). In fact, a Rule 60(b)(6) motion should be granted "only in unusual and extreme situations where principles of equity *mandate* relief." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (emphasis in original) (internal quotation marks and citation omitted).

---

[1] Federal Rule of Civil Procedure 17(c)(1) does not apply here, as it deals with minor or incompetent persons that are represented, and Threatt is not represented in this action.

There is nothing unusual or extreme presented here justifying relief. Indeed, even if the Court had appointed a guardian ad litem to represent Threatt, it would not change the fact that his complaint presents no constitutional violation on which to predicate relief. He still "has no constitutional right to be held in a specific security classification." *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Congress has given federal prison officials full discretion to control [prisoner classification] . . . and petitioner has no legitimate statutory or constitutional entitlement . . . ."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Because Threatt's constitutional rights were not violated, whether he was represented by a guardian ad litem or not, his complaint would have been dismissed. As this is the case, his motion for relief from judgment is frivolous.

Accordingly, it is **ORDERED** that Threatt's motion for relief from judgment, ECF No. 43, is **DENIED**.

Dated: December 30, 2013                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Anthony Threatt #182625, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 by first class U.S. mail on December 30, 2013.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS